**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL W. SWOOPES, | No. 16-15506 |
| Petitioner-Appellant, | D.C. No. 4:93-cv-00471-DCB |
| v. | |
| CHARLES L. RYAN, Warden; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and MURPHY,** District
Judge.

Samuel Swoopes ("Petitioner") appeals the district court's denial, on remand

from our court, of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury

conviction for robbery, burglary, kidnapping, and sexual assault. We granted a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen J. Murphy, III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

certificate of appealability on two issues: (1) whether the trial court violated Petitioner's right to due process and a fair trial by giving a misleading response to a jury question without consulting with Petitioner or his counsel; and (2) whether the trial court violated Petitioner's right to due process by admitting unduly suggestive and unreliable victim identifications. We have jurisdiction under 28 U.S.C. § 2253(c) and we affirm.

**1.** Petitioner argues that the trial court made an ex parte response to a mid-deliberation jury question and thus violated his right to due process and a fair trial. We defer to the factual finding of the Arizona Court of Appeals that the response was not ex parte. *See Rhoades v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010). Therefore, Petitioner's claim fails because he was not deprived of counsel. *See Musladin v. Lamarque*, 555 F.3d 830, 842 (9th Cir. 2009).

**2.** The trial court did not err by admitting the three eyewitness identifications. The identifications by Randy Diana and Mark Hatoon "were not arranged by law enforcement officers" and, accordingly, the pre-trial screening for reliability does not apply. *See Perry v. New Hampshire*, 565 U.S. 228, 232 (2012). In addition, under the factors outlined in *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972), Linda Diana's line-up identification of Petitioner was not unduly suggestive or unreliable. Linda's description of her attacker, the opportunity she had to view Petitioner during the crimes, and her degree of certainty, outweigh the

2

unreliability stemming from the year and a half between the crime and the identification, and the inherent problems in cross-racial identifications. *See United States v. Jernigan*, 492 F.3d 1050, 1054 (9th Cir. 2007) (en banc). In balancing these factors, we find that the trial court did not violate Petitioner's due process rights by admitting the identifications.

**AFFIRMED.**